**FILED**
**April 5, 2023**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**WOODROW W. BECKELHIMER,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0595** (BOR Appeal No. 2056630)
(Claim No. 990069942)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**MOUNTAIN EXPLOSIVES COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Woodrow W. Beckelhimer, by Counsel William B. Gerwig III, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner ("WVOIC"), by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is permanent partial disability benefits. The claims administrator denied a request for repayment of permanent partial disability benefits offset against overlapping permanent total disability benefits on November 13, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 15, 2021, order. The order was affirmed by the Board of Review on July 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Beckelhimer, a miner, was granted a permanent total disability award by the Office of Judges on May 22, 2006, with an onset date of February 9, 1998.[1] In a March 5, 2009, letter, the claims administrator informed Mr. Beckelhimer's counsel of its calculations regarding the amount of back pay owed to Mr. Beckelhimer for his permanent total disability award. These calculations showed, in relevant part, that the claims administrator had deducted amounts awarded to Mr. Beckelhimer for temporary total disability and permanent partial disability benefits for the period from February 9, 1998, to May 21, 2005, which overlapped with his permanent total disability benefits.

Mr. Beckelhimer received notice on October 9, 2019, that his permanent total disability award would end when he reached the age of seventy. On November 13, 2020, the claims administrator denied Mr. Beckelhimer's request for repayment of permanent partial disability benefits previously offset against his overlapping permanent total disability benefits because payment of both benefits exceeded the maximum benefits available to Mr. Beckelhimer.

The Office of Judges affirmed the claims administrator's denial of Mr. Beckelhimer's request for repayment of permanent partial disability benefits offset against overlapping permanent total disability benefits in its April 15, 2021, Order. The Office of Judges found that Mr. Beckelhimer was granted a permanent partial disability award on May 22, 2006, with an onset date

---

[1]The decision was affirmed by the Board of Review on March 27, 2007, and on December 8, 2008, the West Virginia Supreme Court of Appeals refused the employer's appeal of the Board of Review's decision.

of February 9, 1998. Using that onset date, there appeared to be a general agreement between the parties that Mr. Beckelhimer was otherwise owed either temporary total disability or permanent partial disability benefits from other awards. The parties also agreed that Mr. Beckelhimer could not receive benefits exceeding the amount allowed by West Virginia Code § 23-4-6(d), which states, in part, that

> [permanent total disability] benefits shall be payable until the claimant attains the age necessary to receive federal old age retirement benefits under the provisions of the Social Security Act, 42 U.S.C. §§401 and 402, in effect on the effective date of this section. The claimant shall be paid benefits so as not to exceed a maximum benefit of sixty-six and two-thirds percent of the claimant's average weekly wage earnings, wherever earned, at the time of the date of injury not to exceed one hundred percent of the average weekly wage in West Virginia.

Mr. Beckelhimer argued that since he has reached seventy years old, and is no longer entitled to permanent total disability benefits, he is now entitled to receive the temporary total or permanent partial disability benefits he would have been entitled to but for the offset for overlapping benefits. WVOIC argues that the benefits were properly withheld, and Mr. Beckelhimer is entitled to no additional benefits. The Office of Judges found that the legislative intent of West Virginia Code § 23-4-6(d) was to cut off benefits when a claimant becomes eligible for old age Social Security benefits, and if the legislature wanted claimants to receive any remaining benefits, it could have included language in the statute to address previous overlapping benefits. Therefore, the Office of Judges affirmed the claims administrator's denial of a request for repayment of permanent partial disability benefits offset against overlapping permanent total disability benefits. The Board of Review affirmed the Office of Judges' Order on July 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6(d) is clear that benefits shall cease when Mr. Beckelhimer reaches seventy years old, the age at which one becomes eligible for old age Social Security benefits. No exception was provided for repayment of any remaining benefits.

Affirmed.

**ISSUED: April 5, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

3

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter because I would have set this case for Rule 19 oral argument to thoroughly address the error alleged in this appeal. Having reviewed the briefs, as well as the issue raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.